**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TITLE DEPOT OF LOUISIANA, INC.** | * | **CIVIL ACTION NO.:** |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **UNITED WHOLESALE MORTGAGE,** | * | |
| **LLC** | * | **MAGISTRATE:** |
| *Defendant* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, United Wholesale Mortgage, LLC (hereinafter, "United Wholesale") who pursuant to 28 U.S.C. §§1332, 1441, and 1446, notices the removal of the above-captioned action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, bearing Docket No.: 874-368, Division "G", ("State Court Action") to the United States District Court for the Eastern District of Louisiana.

United Wholesale files this Notice of Removal with full reservations of any and all rights, defenses and objections, including but not limited to, failing to exhaust administrative remedies, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, preemption and no cause of action. In support of removal, United Wholesale states as follows:

### Introduction

1.

On March 30, 2026, Plaintiff, Title Depot of Louisiana, Inc. ("Title Depot" and/or "Plaintiff") filed a Petition for Damages ("Petition") in the 24th Judicial District Court for the Parish of Jefferson naming as Defendant, United Wholesale Mortgage, LLC.[1]

---

[1] *See* Exhibit 1, State Court Record, Plaintiff's Petition for Damages ("Petition").

2.

On April 15, 2026, United Wholesale was served with the citation and Petition.[2]

3.

In its Petition, Plaintiff does not allege the amount in controversy or allege sufficient facts to ascertain the amount in controversy.

4.

Likewise, in the introductory Paragraph of the Petition, Plaintiff identified itself as a "Louisiana Limited Liability Company" but failed to include the members of the LLC and their citizenship.[3]

5.

Based upon the forgoing, whether the case was removable on the basis of diversity jurisdiction was not ascertainable from the face of the Petition.

6.

Therefore, on April 16, 2026, Defendant propounded jurisdictional discovery including Interrogatories, Requests for Production, and Requests for Admission on Plaintiff; for the purpose of ascertaining the amount in controversy and confirming the corporate structure of Title Depot and, if it is an LLC, the identity and citizenship of its members.[4]

7.

Plaintiff failed to timely respond to the discovery. Following the requisite Rule 10.1 conference and Plaintiff's failure to provide responses by the agreed upon deadline of June 18,

---

[2] *See id.*, State Court Record, Sheriff's Return of Citation: Petition for Damages; Request for Notice/Jury Order.
[3] *See id.*, State Court Record, Petition.
[4] *See* Exhibit 2, Defendant's Interrogatories, Requests for Production of Documents, and Requests for Admission.

2026.  Defendant filed a Motion to Compel Plaintiff's Responses to Defendant's Interrogatories, Requests for Production of Documents and Requests for Admission on June 25, 2006.[5]

8.

On June 26, 2026, Plaintiff responded to Defendant's jurisdictional discovery. [6]

9.

Plaintiff admits in Response to Request for Admission No. 2 that "plaintiff is seeking in excess of $75,000 in damages exclusive of interest and costs."[7]

10.

In Response to Interrogatory No. 2, Plaintiff lists its full legal name as "Title Depot of Louisiana, Inc.", incorporated in the State of Louisiana and its principal place of business being located at 4739 Sanford Street, Metairie, Louisiana, 70006.[8]

11.

Defendant, United Wholesale, is a limited liability company formed under the laws of the State of Michigan with its principal place of business in the State of Michigan.[9]  The sole member of United Wholesale is UWM Holdings, LLC which is a Delaware limited liability company.[10] The membership interests of UWM Holdings, LLC are held by SFS Holding Corp., a Michigan corporation, and UWM Holdings Corporation, a Delaware corporation.[11]

---

[5] *See* Exhibit 1, State Court Record, Defendant's Motion to Compel.
[6] *See* Exhibit 3, Plaintiff's Responses to Defendant's Interrogatories, Requests for Production of Documents, and Requests for Admission.
[7] *See id.*, Plaintiff's Responses to Requests for Admission, Response to Request for Admission No. 2.
[8] See *id.*, Plaintiff's Responses to Interrogatories, Response to Interrogatory No. 2.
[9] *See* Exhibit 4, Declaration of Anthony Valentine at ¶6.
[10] *Id.* at ¶7.
[11] *Id.* at ¶8.

12.

Although this matter was not originally removable pursuant to 28 U.S.C. § 1332 due to the inability to ascertain the amount in controversy or the citizenship of the Plaintiff from the face of the Petition, this suit is now removable under the "other paper rule." Specifically, 28 U.S.C. §1446(b)(3) provides as follows:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removable may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable.

13.

In this case, the "other paper" is the Plaintiff's Responses to Interrogatories, Responses to Requests for Admission and Responses to Requests for Production received by Defendant on June 26, 2026, which provided sufficient information regarding the amount in controversy and the citizenship of the Plaintiff in order to ascertain that the case is one which is removable.

**Plaintiff's Allegations**

14.

In its Petition, Plaintiff alleges that Defendant made false and defamatory statements and insinuations concerning Title Depot. Plaintiff alleges that, because of Defendant's conduct, it suffered damages, including loss of existing and prospective business relationships, loss of revenue, competitive disadvantage in the marketplace, and reputational harm.[12]

---

[12] *See* Exhibit 1, State Court Record, Petition at ¶¶18–26, 27–35.

15.

Plaintiff alleges that in "May 2025 during the Defendant's UWM Live! event, Defendant's Chief Financial Officer, Melinda Wilner," made explicitly false and defamatory statements about Title Depot during a presentation promoting its TRAC+ program.[13]

16.

Plaintiff alleges that Defendant's statements concerning Title Depot were false, misleading, and intended to harm Title Depot's reputation within the real estate industry.[14]

17.

Plaintiff raises causes of action, including defamation, violations of the Louisiana Unfair Trade Practices Act, negligent misrepresentation, and gross negligence.[15]

18.

Plaintiff also seeks damages including loss of existing and prospective business relationships, loss of revenue, competitive disadvantage in the marketplace, and emotional distress and reputational harm to its owners and principals.[16]

**<u>Complete Diversity Exists Between the Parties</u>**

19.

Plaintiff, Title Depot, is a business corporation formed under the laws of the State of Louisiana and domiciled in Jefferson Parish, Louisiana.  Plaintiff's principal place of business is located at 4739 Sanford Street, Metairie, Jefferson Parish, Louisiana 70006.[17]

---

[13] *Id.* at ¶¶17-18.
[14] *Id.* at ¶21.
[15] *Id.* at ¶35, 39, 42, and 45.
[16] *Id.* at ¶26.
[17] *See* Exhibit 3, Plaintiff's Responses to Interrogatories, Response to Interrogatory No. 2.

20.

Defendant, United Wholesale Mortgage LLC, is a limited liability company formed under the laws of the State of Michigan with its principal place of business in the State of Michigan.[18] The sole member of United Wholesale is UWM Holdings, LLC which is a Delaware limited liability company.[19] The membership interests of UWM Holdings, LLC are held by SFS Holding Corp., a Michigan corporation, and UWM Holdings Corporation, a Delaware corporation.[20]

21.

Complete diversity of citizenship exists between Plaintiff and Defendant as contemplated by 28 U.S.C. § 1332, as the Plaintiff, on the one hand, and Defendant, on the other, are citizens of different states.

**Amount in Controversy Exceeds $75,000**

22.

In its Petition, Plaintiff seeks damages including loss of existing and prospective business relationships, loss of revenue, competitive disadvantage in the marketplace, and emotional distress and reputational harm to its owners and principals.[21] The Petition does not specify whether the amount in controversy exceeds $75,000.00 to make the above-entitled action removable on the face of the Petition.

23.

Therefore, on April 16, 2026, Defendant propounded jurisdictional discovery including Interrogatories, Requests for Production, and Requests for Admission on Plaintiff; for the purpose

---

[18] *See* Exhibit 4, Declaration of Anthony Valentine at ¶6.
[19] *Id.* at ¶7.
[20] *Id.* at ¶8.
[21] *See* Exhibit 1, State Court Record, Petition at ¶26.

of ascertaining the amount in controversy and confirming the corporate structure of Title Depot and, if it is a Limited Liability Corporation, the identity and citizenship of its members.[22]

24.

Plaintiff failed to timely respond to the discovery.  Following the requisite Rule 10.1 conference and Plaintiff's failure to provide responses by the agreed upon deadline of June 18, 2026.  Defendant filed a Motion to Compel Plaintiff's Responses to Defendant's Interrogatories, Requests for Production of Documents and Requests for Admission on June 25, 2006.[23]

25.

Defendant received Plaintiff's Responses to Interrogatories, Responses to Requests for Production, and Requests for Admissions on June 26, 2026.[24]

26.

Plaintiff admits in Response to Request for Admission No. 2 that "plaintiff is seeking in excess of $75,000 in damages exclusive of interest and costs."[25]

27.

In Response to Interrogatory No. 2, Plaintiff lists its full legal name as "Title Depot of Louisiana, Inc.", incorporated in the State of Louisiana and its principal place of business being located at 4739 Sanford Street, Metairie, Louisiana, 70006.[26]

28.

Pursuant to 28 U.S.C. §1446(b)(3), the "other paper rule" allows a party to remove a case "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an

---

[22] *See* Exhibit 2, Defendant's Interrogatories, Requests for Production of Documents, and Requests for Admission.
[23] *See* Exhibit 1, State Court Record, Defendant's Motion to Compel.
[24] *See* Exhibit 3, Responses to Defendant's Interrogatories, Requests for Production of Documents, and Requests for Admission.
[25] *See id.*, Plaintiff's Responses to Requests for Admission, Response to Request for Admission No. 2.
[26] See *id.*, Plaintiff's Responses to Interrogatories, Response to Interrogatory No. 2.

7

amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable."

29.

This notice of removal is timely under 28 U.S.C. § 1446(b)(3), as it is being filed within 30 days of the Defendant's receipt of Plaintiff's responses to the jurisdictional discovery.

**Removal Procedure**

30.

United Wholesale is entitled to remove this case to this Honorable Court for disposition pursuant to the removal provisions of 28 U.S.C. § 1441, *et. seq.*

31.

Under 28 U.S.C. § 1441(a), venue of the removed action is proper in the United States District Court for the Eastern District of Louisiana, as the district and division embracing the parish in which the state court action is now pending.

32.

United Wholesale, as the removing party, will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

33.

Further, pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where the action is currently pending.

8

34.

A true and correct copy of all process, pleadings, orders, and other filings in the state court suit are being filed with this Notice of Removal as required by 28 U.S.C. § 1446(a) and are attached hereto as Exhibit "1".

35.

No further proceedings have been filed in the 24th Judicial District for the Parish of Jefferson, State of Louisiana, as of the date of the filing of this Removal.

36.

United Wholesale files this Notice of Removal without waiving any objections, exceptions, or defenses to Plaintiff's Petition for Damages or any other pleadings or demands filed by Plaintiff.

## CONCLUSION

**WHEREFORE,** Defendant, United Wholesale Mortgage, LLC, prays that the suit entitled, "*Title Depot of Louisiana v. United Wholesale Mortgage, LLC*" now pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and bearing docket number 874-368, Division "G" be removed to this, the United States District Court, Eastern District of Louisiana, and for all just and equitable relief as allowed by law.

Respectfully submitted,

**DEGAN, BLANCHARD & NASH**


*/s/ Jena W. Smith*
Sidney W. Degan, III (Bar Roll No. 04804)
Keith A. Kornman (Bar Roll No. 23169)
Jena W. Smith (Bar Roll No. 25255)
W. Laughlin Grace, V (Bar Roll No. 40795)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone:    (504) 529-3333
Facsimile:    (504) 529-3337
              sdegan@degan.com
              kkornman@degan.com
              jsmith@degan.com
              lgrace@degan.com

*Attorneys for Defendant, United Wholesale Mortgage, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served upon all counsel of record electronically by filing in the Court's CM/ECF system, email and/or U.S. Mail on this 16th day of July, 2026.

*/s/ Jena W. Smith*

10