24TH JUDICIAL DISTRICT COURT FOR JEFFERSON PARISH

STATE OF LOUISIANA

NO.:**874368**                                                                    DIVISION '**G**'

TITLE DEPOT OF LOUISIANA, INC.

VERSUS

UNITED WHOLESALE MORTGATE, LLC

FILED: _____          _____
                                                                        DEPUTY CLERK

## REQUEST FOR NOTICE

NOW INTO COURT through undersigned counsel comes Plaintiff, Title Depot of Louisiana, Inc., who pursuant to Louisiana Code of Civil Procedure Article 1572 moves this Court for written notice ten (10) days in advance of the date fixed for the trial or hearing on any Exception, Motion, Rule or Trial on the merits in the captioned proceedings, and pursuant to Louisiana Code of Civil Procedure Articles 1913 and 1914, requests immediate notice of all Interlocutory and Final Orders and Judgments on any Exceptions, Motions, Rules or the Trial on the Merits in the above captioned proceeding.

Respectfully submitted,

*Christopher A. Meeks*
Christopher Meeks (SBN: 35522)
Rodrigue & Arcuri, LLP
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
Phone: 504-592-4600
Facsimile: 504-592-4641
chris@rodriguearcuri.com

Attorney for Title Depot of Louisiana, Inc.

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing discovery responses have been served upon all counsel of record via electronic mail, facsimile, or with the U.S. Postal Service, proper postage prepaid, and addressed on this 30th day of March, 2026.

*Christopher A. Meeks*
CHRISTOPHER A. MEEKS

E-Filed:03/30/2026 16:33 Case:874368 Div:G : TITLE DEPOT OF LOUISIANA, INC.

**EXHIBIT**
**1**

**24TH JUDICIAL DISTRICT COURT FOR JEFFERSON PARISH**

**STATE OF LOUISIANA**

NO.**874368**                                             DIVISION "**G**"

**TITLE DEPOT OF LOUISIANA, INC.**

**VERSUS**

**UNITED WHOLESALE MORTGATE, LLC**

FILED: _____          _____
                                        **DEPUTY CLERK**

**PETITION FOR DAMAGES**

NOW INTO COURT comes Plaintiff, Title Depot of Louisiana, Inc., which is a Louisiana Limited Liability Company domiciled in Jefferson Parsh. Plaintiff respectfully represents the following:

1.

MADE DEFENDANT HEREIN is United Wholesale Mortgage, LLC. Upon information and belief, United Wholesale Mortgage, LLC ("Defendant") is and has been at all times relevant to this action a foreign limited liability company formed under the laws of the State of Delaware, with its principal place of business in the State of Michigan.

2.

Title Depot of Louisiana, Inc. ("Plaintiff") is and has been at all times relevant to this action a limited liability company formed under the laws of the State of Louisiana and domiciled in Jefferson Parish, Louisiana. Plaintiff operates its business at 4739 Sanford Street, Metairie, Jefferson Parish, Louisiana 70006.

3.

Venue is proper in Jeffferson Parish under Louisiana Code of Civil Procedure article 74 as this is an action for an offense or quasi offense. Thus, venue is proper in Jefferson Parish because a substantial part of the events or omissions giving rise to the claim occurred in Jefferson Parish, including the publication and impact of the defamatory and misleading statements, and the damages to Title Depot's business were sustained in Jefferson Parish.

E-Filed:03/30/2026 16:33 Case:874368 Div:G : TITLE DEPOT OF LOUISIANA, INC.

4.

Title Depot operates as a title company in Metairie, Louisiana, providing title services in accordance with Louisiana law, underwriting requirements, and customary real estate practices.

5.

Title Depot's services include title examination, curative work, document preparation, escrow handling, recording, and closing coordination, which are particularly complex under Louisiana's unique civil law system.

6.

Title Depot's fees reflect the actual work required for Louisiana transactions, and the fees charged by Title Depot are consistent with fees charged by other similary situated title companies performing the same or similar work in Jefferson Parish.

7.

Defendant is a wholesale mortgage lender headquartered in Pontiac, Michigan, providing mortgage financing through independent mortgage brokers throughout the United States, including independent mortgage brokers in Louisiana who conduct business in Jefferson Parish and who are familiar with Title Depot.

8.

Defendant is one of the nation's largest wholesale mortgage lenders and competes for broker-originated mortgage volume by marketing loan products and ancillary programs to mortgage brokers, and thus, Defendant provides mortgage financing through independent mortgage brokers rather than directly to consumers. Borrowers must apply for a loan through a broker that partners with Defendant. Defendant does not take applications from individual borrowers and, instead, works behind the scenes with mortgage brokers who act as intermediaries. Accordingly, Defendant markets its services directly to individual mortgage brokers as well as real estate agents and others in the real estate industry to generate business.

9.

In addition, to market its services, Defendant provides "perks" to individual mortgage brokers who use Defendant's services and who attend Defendant's marketing and promotional events, including conferences that mortgage brokers can attend in-person or online through the

E-Filed:03/30/2026 16:33 Case:874368 Div:G : TITLE DEPOT OF LOUISIANA, INC.

Defendant's online platform. Importantly, this lawsuit concerns defamatory, false, and slanderous information published by Defendant about Title Depot during a "UWM Live!" event in May 2025 to promote Defendant's "TRAC+" program.

10.

Upon information and belief, there were hundreds or potentially thousands of individuals within the real estate industry who attended the event live. In addition, the event was broadcast live online and was also recorded and posted on Defendant's website. Upon and information and belief, the online broadcast was viewed thousands of times by individuals in the real estate industry throughout the entire United States, including within the State of Louisiana.

11.

In promoting its business, Defendant has publicly pursued a business strategy to direcly compete with title companies, including Title Depot, for closings on real estate transactions. Through its agents, employees, and representatives, Defendant has openly discussed its goal of handling every aspect of real estate transactions so as to reduce or even completley eliminate the role of independent title companies in real estate transactions.

12.

In approximately October 2022, Defendant launched a program known as TRAC, which it promoted to brokers as a way to change the traditional title/closing model by shifting title review functions away from independent title companies and into a Defendant-controlled workflow.

13.

On or about May 2024, Defendant launched TRAC+, an expansion of the TRAC program that Defendant promoted as an end-to-end title review and closing alternative that would reduce or eliminate the need for brokers to hire independent title companies or settlement agents for eligible transactions, including certain refinances.

14.

Defendant's TRAC+ initiative is designed to divert title and closing work—and the related fees—from independent title companies to a process managed and controlled by Defendant, thereby increasing Defendant's control over the closing process and strengthening Defendant's competitive position in the wholesale mortgage market.

E-Filed:03/30/2026 16:33 Case:874368 Div:G :   TITLE DEPOT OF LOUISIANA, INC.

15.

Defendant's overarching business goal in expanding TRAC to TRAC+ requires broker adoption, meaning brokers would have to buy into the notion that Defendant (through TRAC+) can handle every aspect of the closing process cheaper, quicker, and more effectively than independent title agencies.

16.

To that end, Defendant engaged in unfair, deceptive, and defamatory business practices aimed at villifying title agencies and Title Depot explicitly, suggesting (for example) that title companies charge excessive, unnecessary, or duplicative fees while also intentionally delaying real estate closings. Defendant stated further that title companies do not perform any useful or essential function in the closing process and, instead, rely entierly on documents prepared by the mortgage companies and the brokers. In the end, Defendant claimed that title companies are harmful to individual borrowers and that brokers should avoid title companies in favor of Defendant's TRAC+ program.

17.

At its UWM Live event in May 2025, Defendant explicitly made explicitly false and defamatory statements about Title Depot during a presentation promoting its TRAC+ program. Defendant also used innuendo, insinuation, and/or sarcasm juxtaposed with actual facts as well as the omission of important facts to convey false and defamatory meanings regarding Title Depot. Defendant's defamatory statements and the meanings conveyed were intended to, and actually did, harm Title Depot's reputation within the real estate industry.

18.

In May 2025 during the Defendant's "UWM Live!" event, Defendant's Chief Financial Officer, Melinda Wilner, publicly displayed a settlement statement prepared by Title Depot in connection with a closing that Title Depot handled. The settlement statement showed services and charges provided by Title Depot in connection with a refinance transaction. With the settlement statement displayed and Title Depot's name on the screen for the entire audience (both live and online) to see, Wilner made the following statements (among others):

"Oh my God, this is a refinance, JOKE."

E-Filed:03/30/2026 16:33 Case:874368 Div:G :  TITLE DEPOT OF LOUISIANA, INC.

"Look at that big fat fee, $2,000.00, succession fee - is that succession planning? I don't even know."

"What else was on there that was stupid?"

"Doc prep fee $675.00 - I mean really, what is title doing to draft docs, they all come from us [the mortgage brokers], I don't understand it."

"When you total all that stuff together, it's insane, it's insane."

"Title examination only takes five minutes of work - I know because this is what we do for TRAC+ - so this was a joke."

19.

Wilner represented to the audience that Title Depot's charges were excessive, inflated, unnecessary, and unfair to borrowers; that, just based on the information in the statement, Title Depot had misrepresented the services it provided in the closing process; and that Title Depot caused unnecessary delays for weeks and falsely claimed that the delays were due to additioanl, time-consuming title work that had to be done before the closing could proceed—title work that Wilner told the audience was easy and could be done in minutes.

20.

Wilner told the audience that the borrower wanted to walk away with $20,000 after the transaction, but he only got $18,300 because of Title Depot's fees. According to Wilner, Defendant could have done the same exact work for a fraction of what Title Depot charged in the closing.

21.

Defendant's statements and insuations concerning Title Depot were false, misleading, and made with reckless disregard for the truth. Defendant's statements and insuations were intended to and did harm Title Depot's reputation within the real estate industry both in Louisiana and nationally.

22.

Defendant intentionally and/or recklessly misrepresented the time, expertise, and professional responsibility involved in Louisiana title examination and curative work to suggest that Title Depot intentionally misrepresented or overstaed the amount of work it actually perofrmed; that Title Depot charged the borrower for services it did not perform or were not

E-Filed:03/30/2026 16:33 Case:874368 Div:G :: TITLE DEPOT OF LOUISIANA, INC.

necessary; and that Title Depot deceptively inflated its fees for financial gain and to the detriment of the borrower.

23.

Defendant intentionally and/or with reckless disregard misrepresented the time, expertise, and professional responsibility involved in Louisiana title examination and curative work to suggest that Title Depot charged the borrow for services it did not perform or that were not necessary and, further, that Title Depot overstated the amount of work it actually completed in connection with the transaction in order to inflate its fees to the detriment of the borrower.

24.

The statements made by Melinda Wilner and published by Defendant were intentionally or recklessly presented without context to suggest Title Depot engaged in fradulent, deceptive, unreasonable, and/or unethical business practices to harm the borrower and for its own financial gain and to the detriment of the borrower.

25.

The statements were published to third parties, including mortgage brokers and industry professionals who do business with Title Depot or who would have done business with Title Depot but for the false, defamatory, and/or slanderous information published by Defendant.

26.

As a result of Defendant's conduct, Title Depot has suffered and will continue to suffer damages, including (but not limited to):

A. Loss of existing and prospective business relationships

B. Loss of revenue.

C. Competitive Disadvantage in the Marketplace.

D. Emotional distress and reputational harm to its owners and principals.

**DEFAMATION**

27.

Defendant made false and defamatory statements and insuations concerning Title Depot, including but not limited to characterizing Title Depot's fees as a "joke," "insane," and "ridiculous," and suggested that Plaintiff's services were unnecessary, overpriced, and/or

E-Filed:03/30/2026 16:33 Case:874368 Div:G  :  TITLE DEPOT OF LOUISIANA, INC.

unethical. Those statements were not true and misrepresented the nature and necessity of Plaintiff's work in Louisiana real estate transactions.

28.

Defendant published these statements without privilege to third parties, including mortgage brokers and others within the real estate industry to those who attended the live event and to those who watched the online broadcast, which was provided online both live and recorded.

29.

Defendant acted with negligence and/or with actual malice or reckless disregard for the truth in making statements about Title Depot's business and services.

30.

Follwing the event, many individuials within the real estate industry, including mortgage brokers, title attorneys, and others who saw the presentation subsequently contacted Title Depot to discuss Defendant's false and defamatory statements and insinuations and to notify Title Depot of the harm done to Title Depot's reputation within the industry as a result.

31.

As a direct and proximate result of Defendant's conduct, Title Depot suffered injury, including damage to business reputation, loss of business relationships, loss of revenue, competitive disadvantage, and emotional distress.

32.

Defendant's use of the settlement statement and misrepresentation of its contents and of Title Depot's actions were done intentionally as way to harm Title Depot's reputation, to discourage real estate professionals from engaging Title Depot and other title companies in real estate transactions in the future, and to promote Defendant's own TRAC+ product and business model.

33.

On information and belief, Defendant intentionally misrepresented Title Depot's charges as inflated, unnecessary, or deceptive in furtherance of Defendant's own business objectives, to its searvices and TRAC+ product, and to obtain an unfair competitve advantage that would shift

E-Filed:03/30/2026 16:33 Case:874368 Div:G :  TITLE DEPOT OF LOUISIANA, INC.

business and revenues away from Title Depot and other independent title companies and to the Defendant.

34.

Defendant knew or should have known that the statements were false or misleading and made them with actual malice or reckless disregard for the truth.

35.

Plaintiff has suffered actual damages as a result of the defamation, including economic loss and reputational harm.

LUTPA CLAIM

36.

Defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce by misrepresenting Plaintiff's services and fees, disparaging Plaintiff through false and misleading statements, and using deception to promote Defendant's own product. Defendant's conduct constitutes unfair methods of competition and deceptive acts or practices in the conduct of trade or commerce in violation of La. R.S. 51:1405.

37.

Plaintiff suffered ascertainable loss of money and property, including loss of business, revenue, and goodwill, as a result of Defendant's unlawful acts. There is a direct causal connection between Defendant's unfair or deceptive acts and Plaintiff's losses.

38.

Defendant's conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff.

39.

Plaintiff is entitled to recover actual damages, attorney's fees, and all relief available under LUTPA.

NEGLIGENT MISREPRESENTATION

40.

E-Filed:03/30/2026 16:33 Case:874368 Div:G : TITLE DEPOT OF LOUISIANA, INC.

Defendant had a duty to supply correct information regarding Plaintiff's services and fees to industry professionals and the public, particularly when making public statements about Plaintiff's business practices.

41.

Defendant breached that duty by making false and misleading statements about the nature, necessity, and reasonableness of Plaintiff's fees and services, without proper context or explanation of Louisiana law and practice.

42.

Defendant's breach caused damages to Plaintiff, including loss of reputation, business relationships, and revenue.

GROSS NEGLIGENCE

43.

Defendant owed Plaintiff a duty to exercise care in making public statements about Plaintiff's business and services.

44.

Defendant's conduct in making false, disparaging, and misleading statements about Plaintiff's business constituted an extreme departure from ordinary care and a wanton disregard for Plaintiff's rights and reputation.

45.

As a result of Defendant's gross negligence, Plaintiff suffered damages, including reputational harm, loss of business, and other economic injuries.

**JURY DEMAND**

Title Depot of Louisiana, Inc. hereby prays for a jury trial on all issues so triable.

WHEREFORE, Plaintiff Title Depot of Louisiana, Inc. respectfully requests that this Court:

A. Declare that United Wholesale Mortgage, LLC made false and misleading statements of fact in commercial advertising or promotion about Plaintiff's services and fees in violation of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, and that such

E-Filed:03/30/2026 16:33 Case:874368 Div:G :    TITLE DEPOT OF LOUISIANA, INC.

conduct constitutes defamation, slander, negligent misrepresentation, and gross negligence under Louisiana law.

B.  Enjoin United Wholesale Mortgage, LLC from making, publishing, or disseminating any further false or misleading statements about Title Depot of Louisiana, Inc., its services, or its fees, and from engaging in any further unfair or deceptive trade practices with respect to Plaintiff.

C.  Award Plaintiff compensatory damages against United Wholesale Mortgage, LLC in an amount to be determined at trial, including but not limited to damages for loss of business reputation and goodwill, loss of existing and prospective business relationships, loss of revenue, competitive disadvantage, and emotional distress.

D.  Award Plaintiff all actual damages and all relief available under the Louisiana Unfair Trade Practices Act, including reasonable attorneys' fees and costs as provided by La. R.S. 51:1409.

E.  Award Plaintiff pre-judgment and post-judgment interest as allowed by law.

F.  Award Plaintiff the costs of this litigation, including expert witness fees where authorized.

G.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Christopher A. Meeks*

Christopher Meeks (SBN: 35522)
Rodrigue & Arcuri, LLP
1615 Poydras Street
Suite 1250
New Orleans, LA 70112
Phone: 504-592-4600
Facsimile: 504-592-4641
chris@rodriguearcuri.com

Attorney for Title Depot of Louisiana, Inc.

PLEASE SERVE:

**United Wholesale Mortgage, LLC**
*Through its registered agent for service of process:*
C T CORPORATION SYSTEM
3867 Plaza Tower Drive.
Baton Rouge, LA 70816

E-Filed:03/30/2026 16:33 Case:874368 Div:G :  TITLE DEPOT OF LOUISIANA, INC.

## Delaney V. Richard

**From:**       Delaney V. Richard
**Sent:**       Tuesday, March 31, 2026 9:01 AM
**To:**         chris@rodriguearcuri.com
**Cc:**         Delaney V. Richard
**Subject:**    EFile Case: 874-368 g - Ref:Title Depot v. UWM

Dear Sir/Madam,

In order to fully process your: PETITION FOR DAMAGES

we will require a service check payable to:
in the amount of $41.93 made payable to the East Baton Rouge sheriff's office.
Please confirm receipt of this email.
Thank you!

Please mail any and all requested checks to the:
Jefferson Parish Clerk of Court
Attn: Delaney Richard
Post Office Box 10
Gretna, LA 70054

Regards
Delaney Richard
Deputy Clerk of Court
24th JDC Civil Filing
Thomas F. Donelon Courthouse
200 Derbigny St. Ste. 2400
Gretna LA 70053
(504) 364-2898 or 2979

1

**Delaney V. Richard**

---

**From:**      Chris Meeks <chris@rodriguearcuri.com>
**Sent:**      Tuesday, March 31, 2026 9:38 AM
**To:**        Delaney V. Richard
**Subject:**   RE: EFile Case: 874-368 g - Ref:Title Depot v. UWM

Email received. We will mail a check today. Thank you.

## Christopher A. Meeks

Attorney

tel: 504.592.4600
mobile: 504.722.0842
1615 Poydras St., Ste.1250 New Orleans, LA 70112

This E-mail transmission may contain confidential information that is protected by the attorney-client privilege or work-product doctrine. It is intended only for the individual or entity designated above. Any distribution, copying, or use of or reliance upon the information contained in and transmitted with this E-mail by or to anyone other than the individual or entity designated above is unauthorized and strictly prohibited. If you have received this E-mail transmission in error, please destroy the transmission and notify the law firm of Rodrigue & Arcuri, LLP by telephone at (504) 592-4600 immediately.

**From:** Delaney V. Richard <drichard@jpclerkofcourt.us>
**Sent:** Tuesday, March 31, 2026 9:01 AM
**To:** Chris Meeks <chris@rodriguearcuri.com>
**Cc:** Delaney V. Richard <drichard@jpclerkofcourt.us>
**Subject:** EFile Case: 874-368 g - Ref:Title Depot v. UWM

Dear Sir/Madam,

In order to fully process your: PETITION FOR DAMAGES

we will require a service check payable to:
in the amount of $41.93 made payable to the East Baton Rouge sheriff's office.
Please confirm receipt of this email.
Thank you!

Please mail any and all requested checks to the:
Jefferson Parish Clerk of Court
Attn: Delaney Richard
Post Office Box 10
Gretna, LA 70054

Regards
Delaney Richard
Deputy Clerk of Court
24th JDC Civil Filing

1

Thomas F. Donelon Courthouse
200 Derbigny St. Ste. 2400
Gretna LA 70053
(504) 364-2898 or 2979

2

E-Filed:03/30/2026 16:33 Case:874368 Div:G :  TITLE DEPOT OF LOUISIANA, INC.

**24TH JUDICIAL DISTRICT COURT FOR JEFFERSON PARISH**

**STATE OF LOUISIANA**

NO.:**874368**                                                    DIVISION "**G**"

**TITLE DEPOT OF LOUISIANA, INC.**

**VERSUS**

**UNITED WHOLESALE MORTGATE, LLC**

FILED: _____          _____

                                                              **DEPUTY CLERK**

---

**JURY ORDER**

In accordance with Louisiana Code of Civil Procedure article 1734, the jury bond to cover the costs of the jury trial is set at $_____ . The cash deposit shall be filed with the Clerk of Court no later than sixty (60) days prior to trial. The attorney for the movers shall present the receipt for the deposit to the Court prior to the commencement of trial.

Gretna, Louisiana, this _____ day of _____, 2023.

_____
**JUDGE**
**24TH Judicial District Court**
**Jefferson Parish**

**JURY ORDER**

In accordance with C.C.P. Art. 1734.1(A). In lieu of the bond required by C.C.P. Art. 1734, the mover for the jury trial shall deposit $2,000.00 for the first day of trial and $400.00 (Cash) per day for each remaining day the trial is estimated to last. The cash deposit shall be filed with the Clerk of Court no later than sixty days prior to the trial pursuant to La. R.S. 13:3049.1. Notice of the fixing of the deposit shall be served on all parties by the mover. If the deposit is not timely made, any other party shall have and additional ten days to make the required deposit. The attorney for the mover shall present the receipt for the deposit to the court prior to the commencement of trial. Failure to post the cash deposit shall constitute a waiver of a trial by jury.

Gretna, Louisiana

this_____1st_____ day of _____April_____, _____2026_____.

_____
Judge E. Adrian Adams

(101) CITATION: PETITION FOR DAMAGES; REQUEST FOR NOTICE / JURY ORDER

260408-3955-2

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TITLE DEPOT OF LOUISIANA INC
   versus
UNITED WHOLESALE MORTGAGE LLC

Case: 874-368    Div: "G"
P 1  TITLE DEPOT OF
LOUISIANA INC

To:  UNITED WHOLESALE MORTGAGE LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE
OF PROCESS:
C T CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE.
BATON ROUGE, LA 70816

EAST BATON ROUGE PARISH

EBR CK#1691 $41.93

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES / REQUEST FOR NOTICE / JURY ORDER of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within TWENTY-ONE (21) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney CHRISTOPHER A. MEEKS and was issued by the Clerk of Court on the 8th day of April, 2026.

/s/ Carlos T. Mendoza
Carlos T. Mendoza, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES; REQUEST FOR NOTICE / JURY ORDER

260408-3955-2

Received:_____ Served:_____ Returned:_____

Service was made:
___ Personal          ___ Domicilary _____

Unable to serve:
___ Not at this address      ___ Numerous attempts _____ times
___ Vacant                   ___ Received too late to serve
___ Moved                    ___ No longer works at this address
___ No such address          ___ Need apartment / building number
___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ #_____
           Deputy Sheriff
Parish of: _____

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

Imaged 04/08/2026 10:13 - Signed: Deputy Clerk of Court /s/ Carlos T. Mendoza

[ SERVICE COPY / [RETURN COPY] ]

FILED FOR RECORD 04/24/2026 15:11:05
Tina C. Toups DY CLERK
JEFFERSON PARISH LA

**(101) CITATION: PETITION FOR DAMAGES; REQUEST FOR NOTICE / JURY ORDER**

260408-3955-2

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

TITLE DEPOT OF LOUISIANA INC
  versus
UNITED WHOLESALE MORTGAGE LLC

Case: 874-368    Div: "G"
P 1  TITLE DEPOT OF
LOUISIANA INC

To:  UNITED WHOLESALE MORTGAGE LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE
OF PROCESS:
C T CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE.
BATON ROUGE, LA 70816

EAST BATON ROUGE PARISH

EBR CK#1691 $41.93

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES / REQUEST FOR NOTICE / JURY ORDER of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within TWENTY-ONE (21) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney CHRISTOPHER A. MEEKS and was issued by the Clerk of Court on the 8th day of April, 2026.

/s/ Carlos T. Mendoza
Carlos T. Mendoza, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

**(101) CITATION: PETITION FOR DAMAGES; REQUEST FOR NOTICE / JURY ORDER**

260408-3955-2

Received:_____   Served:_____   Returned:_____

Service was made:
   ___ Personal          ___ Domicilary _____

Unable to serve:
   ___ Not at this address    ___ Numerous attempts _____ times
   ___ Vacant              ___ Received too late to serve
   ___ Moved              ___ No longer works at this address
   ___ No such address      ___ Need apartment / building number
   ___ Other _____

I made service on the named party through the
CT CORPORATION

APR 15 2026

by tendering a copy of this document to
Bailea Fucich

DY. B. GARAFOLA #0577
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
          Deputy Sheriff
Parish of: _____

RECEIVED
DATE

APR 14 2026

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.  874368                                                                                        DIVISION: "G"

**TITLE DEPOT OF LOUISIANA, INC.**

**VERSUS**

**UNITED WHOLESALE MORTGAGE, LLC**

FILED: _____          _____
                                                                              **DEPUTY CLERK**

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S PETITION FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, United Wholesale
Mortgage, LLC ("Defendant"), who denies all allegations asserted against it by Plaintiff, Title
Depot of Louisiana, Inc. ("Plaintiff"), except those that may be hereinafter admitted, and
respectfully responds to the Petition for Damages (the "Petition") as follows:

**ANSWER**

**1.**

In response to the allegations of Paragraph 1, Defendant asserts that it was formed under
the laws of the State of Michigan.  To the extent the remainder of the allegations of Paragraph 1
do not contradict this response, they are admitted.

**2.**

The allegations contained in Paragraph 2 are denied for lack of sufficient information to
justify a belief therein.

**3.**

The allegations contained in Paragraph 3 contain legal conclusions for which no response
is required.  To the extent a response is required, the allegations regarding venue are denied for
lack of sufficient information to justify a belief therein.  The allegations characterizing all other
statements and damages are denied.

**4.**

The allegations contained in Paragraph 4 are denied for lack of sufficient information to
justify a belief therein.

1

24th E-Filed: 06/24/2026 14:19 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

**5.**

The allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

**6.**

The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

**7.**

The allegations contained in Paragraph 7 are denied.

**8.**

The allegations contained in Paragraph 8 are denied as written.

**9.**

The allegations contained in Paragraph 9 are denied.

**10.**

The allegations contained in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

**11.**

The allegations contained in Paragraph 11 are denied.

**12.**

Defendant admits that it launched a program called TRAC. Except as specifically admitted, the allegations contained in Paragraph 12 are denied as written.

**13.**

Defendant admits that it launched a program called TRAC+. Except as specifically admitted, the allegations contained in Paragraph 13 are denied as written.

**14.**

The allegations contained in Paragraph 14 are denied.

**15.**

The allegations contained in Paragraph 15 are denied.

24th E-Filed: 06/24/2026 14:19 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

2

**16.**

The allegations contained in Paragraph 16 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 16 are denied.

**17.**

The allegations contained in Paragraph 17 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 17 are denied.

**18.**

The allegations contained in Paragraph 18 are denied. Defendant asserts that Plaintiff does not provide the entire context of how and when certain statements were made.

**19.**

The allegations contained in Paragraph 19 are denied.

**20.**

The allegations contained in Paragraph 20 are denied.

**21.**

The allegations contained in Paragraph 21 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 21 are denied.

**22.**

The allegations contained in Paragraph 22 are denied.

**23.**

The allegations contained in Paragraph 23 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 23 are denied.

**24.**

The allegations contained in Paragraph 24 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 24 are denied.

**25.**

The allegations contained in Paragraph 25 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 25 are denied.

24th E-Filed: 06/24/2026 14:19 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

3

**26.**

The allegations contained in Paragraph 26, including subparts A. through D., are denied.

**27.**

The allegations contained in Paragraph 27 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 27 are denied.

**28.**

The allegations contained in Paragraph 28 are denied.

**29.**

The allegations contained in Paragraph 29 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 29 are denied.

**30.**

The allegations contained in Paragraph 30 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

**31.**

The allegations contained in Paragraph 31 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 31 are denied.

**32.**

The allegations contained in Paragraph 32 are denied.

**33.**

The allegations contained in Paragraph 33 are denied.

**34.**

The allegations contained in Paragraph 34 are denied.

**35.**

The allegations contained in Paragraph 35 are denied.

**36.**

The allegations contained in Paragraph 36 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 36 are denied.

24th E-Filed: 06/24/2026 14:19 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

4

**37.**

The allegations contained in Paragraph 37 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 37 are denied.

**38.**

The allegations contained in Paragraph 38 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 38 are denied.

**39.**

The allegations contained in Paragraph 39 are denied.

**40.**

The allegations contained in Paragraph 40 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 40 are denied.

**41.**

The allegations contained in Paragraph 41 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 41 are denied.

**42.**

The allegations contained in Paragraph 42 are denied.

**43.**

The allegations contained in Paragraph 43 contain legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 43 are denied.

**44.**

The allegations contained in Paragraph 44 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 44 are denied.

**45.**

The allegations contained in Paragraph 45 contain legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 45 are denied.

**46.**

The allegations contained in Plaintiff's Jury Demand do not require a response. However, to the extent a response is required, the allegations in the paragraph are denied.

24th E-Filed: 06/24/2026 14:19 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

5

**47.**

To the extent a response is required, Defendant denies any allegations in Plaintiff's Prayer for Relief, including its subparts, A. through G., contained in the unnumbered paragraph directly following the Jury Demand.

**48.**

To the extent any allegations by the Plaintiff have not been admitted, qualified, or denied, those allegations are denied.

**AFFIRMATIVE DEFENSES**

**AND NOW, FURTHER ANSWERING** the Petition for Damages, Defendant asserts the following:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Petition fails to state a claim or cause of action against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The damages referred to in Plaintiff's Petition were not caused or contributed to in any manner by the Defendant.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff suffered no damages of any sort or nature, or from any cause for which Defendant is liable.

**FOURTH AFFIRMATIVE DEFENSE**

At all material times, Defendant acted with due diligence and reasonable care and did not owe, nor did it breach, any duty to the Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate, minimize, avoid, or abate its damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant averts that Plaintiff's claims are barred insofar as any alleged action or omission on the part of Defendant, which is denied, was not a direct, substantial, proximate, or contributory cause of any alleged damages suffered or claim by the Plaintiff.

24th E-Filed: 06/24/2026 14:19 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

6

24th E-Filed: 06/24/2026 14:19 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot establish the falsity of the alleged statements, an essential element of a defamation claim.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant acted reasonably and without negligence, reckless disregard, actual malice, or any other degree of fault required to establish liability for defamation.

**NINTH AFFIRMATIVE DEFENSE**

The alleged statements were not specifically about Plaintiff and were not reasonably understood by recipients as referring to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot establish publication of any actionable statement to a third person as required for a defamation claim under Louisiana law.

**ELVENTH AFFIRMATIVE DEFENSE**

Defendant cannot be held liable pursuant to the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401 *et seq.* ("LUTPA") because it engaged in no unfair or deceptive acts or practices prohibited by LUTPA.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant cannot be held liable to any LUTPA claims because it engaged in no conduct that was unfair, deceptive, or otherwise actionable under LUTPA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant cannot be held liable under LUTPA because it did not engage in any of the "extremely narrow" range of practices prohibited by LUTPA. *See Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 2009-1633 (La. 4/23/10), 35 So.3d 1053, 1060.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant cannot be held liable under LUTPA because it engaged in only sound judgment and appropriate and legal transactions that do not offend public policy or involved fraud, misrepresentation, deception, or unethical conduct prohibited by LUTPA.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant engaged in no conduct that caused Plaintiff any ascertainable loss or actual damages recoverable by Plaintiff under LUTPA.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover treble damages against Defendant pursuant to LUTPA because it failed to provide proper notice to Defendant as required by La. R.S. 51:1409(A).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any attorneys' fees against Defendant because, Plaintiff has not alleged and cannot establish the conditions precedent to obtain attorneys' fees pursuant to LUTPA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to recover attorneys' fees against Plaintiff pursuant to La. R.S. 51:1409(A) because the action asserted by Plaintiff is groundless, brought in bad faith, and/or for purposes of harassment.

## NINETTENTH AFFIRMATIVE DEFENSE

Plaintiff has not pled its LUTPA claim or any underlying allegations to support a LUTPA claim with the required specificity or particularity.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant denies engaging in gross negligence, reckless conduct, wanton conduct, or conduct constituting an extreme departure from ordinary care.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant reserves its right to remove this action to federal court should discovery or other information reveal grounds for federal jurisdiction or removability not presently apparent from the pleadings.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant further reserves its right to assert any and all other defenses that may become known through discovery in this matter.

**WHEREFORE**, Defendant, United Wholesale Mortgage, LLC, prays that this Answer and Affirmative Defenses be deemed good and sufficient and that after all legal delays and due

8

24th E-Filed: 06/24/2026 14:19 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

proceedings there be judgment rendered in favor of Defendant, at Plaintiff's sole cost, dismissing

Plaintiff's suit with prejudice and for all other judicial and equitable relief to which Defendant may

be entitled.

Respectfully Submitted,

**DEGAN, BLANCHARD & NASH**

SIDNEY W. DEGAN, III (NO. 04804)
KEITH A. KORNMAN (NO. 23169)
JENA W. SMITH (NO. 25255)
W. LAUGHLIN GRACE, V (NO. 40795)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone:      (504) 529-3333
Facsimile:      (504) 529-3337
E-mail:         sdegan@degan.com
                kkornman@degan.com
                jsmith@degan.com
                lgrace@degan.com

***Counsel for Defendant, United Wholesale Mortgage, LLC***

24th E-Filed: 06/24/2026 14:19 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a copy of the above and foregoing *Answer and Affirmative Defenses* has been served upon all parties of record by via electronic mail, on this 24th day of June 2026.

KEITH A. KORNMAN

9

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.    874368                                                                      DIVISION: "G"

**TITLE DEPOT OF LOUISIANA, INC.**

**VERSUS**

**UNITED WHOLESALE MORTGAGE, LLC**

FILED: _____        _____
                                                                                    **DEPUTY CLERK**

**MOTION TO COMPEL PLAINTIFF'S ANSWERS TO DEFENDANT'S
INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS
AND REQUESTS FOR ADMISSION WITH REQUEST FOR
ATTORNEY'S FEES AND SANCTIONS**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, United Wholesale Mortgage, LLC ("Defendant"), who moves this Honorable Court for an Order pursuant to Louisiana Code of Civil Procedure Article 1469 compelling Plaintiff, Title Depot of Louisiana, Inc. ("Plaintiff"), to provide complete and responsive answers to Defendant's Interrogatories, Requests for Production of Documents and Requests for Admission on the grounds that Plaintiff has not responded to this discovery, as set forth more fully in the attached Memorandum in Support.

**WHEREFORE,** Defendant, United Wholesale Mortgage, LLC, prays that this Honorable Court grant this Motion to Compel Plaintiff's Answers to Defendant's Interrogatories, Requests for Production of Documents and Requests for Admission with Request for Attorney's Fees and Sanctions, and that Plaintiff be ordered to fully respond to the discovery. Defendant further prays that Plaintiff be assessed with all reasonable expenses and attorney's fees incurred in connection with the filing of this Motion to Compel.

**[SIGNATURE BLOCK FOLLOWS ON NEXT PAGE]**

1

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

Respectfully Submitted,

**DEGAN, BLANCHARD & NASH**

SIDNEY W. DEGAN, III (NO. 04804)
KEITH A. KORNMAN (NO. 23169)
JENA W. SMITH (NO. 25255)
W. LAUGHLIN GRACE, V (NO. 40795)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone:      (504) 529-3333
Facsimile:      (504) 529-3337
E-mail:         sdegan@degan.com
                kkornman@degan.com
                jsmith@degan.com
                lgrace@degan.com
*Counsel for Defendant, United Wholesale Mortgage, LLC*

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a copy of the above and foregoing *Motion to Compel Plaintiff's Answers to Defendant's Interrogatories, Requests for Production of Documents and Requests for Admission with Request for Attorney's Fees and Sanctions* has been served upon all parties of record by via electronic mail, on this 25th day of June 2026.

KEITH A. KORNMAN

2

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.   874368                                                    DIVISION: "G"

**TITLE DEPOT OF LOUISIANA, INC.**

**VERSUS**

**UNITED WHOLESALE MORTGAGE, LLC**

FILED: _____          _____
                                                                              **DEPUTY CLERK**

<u>**RULE TO SHOW CAUSE**</u>

Considering the foregoing  Motion to Compel Plaintiff's Answers to Defendant's Interrogatories, Requests for Production of Documents and Requests for Admission with Request for Attorney's Fees and Sanctions, filed by Defendant, United Wholesale Mortgage, LLC:

**IT IS HEREBY ORDERED** that Plaintiff, Title Depot of Louisiana, Inc., show cause on the ____ **day of** _____, **2026, at** ___ **o'clock** ___**.m.**, why the  Motion to Compel Plaintiff's Answers to Defendant's Interrogatories, Requests for Production of Documents and Requests for Admission with Request for Attorney's Fees and Sanctions should not be granted, why Plaintiff should not be ordered to respond to the discovery within fourteen (14) days and why Plaintiff should not be ordered to pay costs and attorney's fees.

Gretna, Louisiana, this _____ day of _____, 2026.

_____
                      JUDGE

<u>**PLEASE SERVE THE FOLLOWING:**</u>

**PLAINTIFF, TITLE DEPOT, INC.**
Through its Counsel of Record:
Christopher Meeks
Rodrigue & Arcuri, LLP
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112

4

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

## Mary A Najolia

| | |
|---|---|
| **From:** | Mary A Najolia |
| **Sent:** | Thursday, June 25, 2026 12:46 PM |
| **To:** | kkornman@degan.com; mledet@degan.com; kmurphy@degan.com |
| **Cc:** | Mary A Najolia |
| **Subject:** | EFile Case: 874-368 / Service check needed / D-1 |

Dear Sir/Madam,

In order to fully process your: motion to compel

we will require a service check payable to: New Orleans Civil Sheriff
in the amount of $ 30.00

Please mail any and all requested checks to the:
Jefferson Parish Clerk of Court
Attn: Mary A. Najolia
Post Office Box 10
Gretna, LA 70054

If payment is made directly to the sheriff, please email a copy of the paid receipt.

Orleans Sheriff Online Payments: https://www.opso.gov/209/Payment-Portal

St. Tammany Online Payments: https://public.stpso.com/Sheriff.PublicSite/Payments

Regards
Mary A. Najolia
24th JDC Chief Civil Docket Clerk
24th JDC Civil Department
Thomas F. Donelon Courthouse
200 Derbigny St. Ste. 2400
Gretna LA 70053
(504) 364-2987

1

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.    874368                                                    DIVISION: "G"

**TITLE DEPOT OF LOUISIANA, INC.**

**VERSUS**

**UNITED WHOLESALE MORTGAGE, LLC**

FILED: _____        _____

                                              **DEPUTY CLERK**

### RULE 10.1 CERTIFICATE OF CONFERENCE

I, the undersigned counsel, for Defendant, United Wholesale Mortgage, LLC, certify to this Honorable Court as follows:

Defendant's counsel, Jena W. Smith, personally conducted a conference with Plaintiff's counsel, Christopher Meeks, on May 27, 2026. At this conference, Defendant agreed to give Plaintiff until June 11, 2026 to respond to Defendant's discovery responses. Plaintiff failed to provide the discovery responses on June 11, 2026 and still has not provided any responses to date.

**CERTIFIED THIS 25th DAY OF JUNE 2026.**

_____
**JENA W. SMITH**

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

3

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO.   874368                                                                    DIVISION: "G"

**TITLE DEPOT OF LOUISIANA, INC.**

**VERSUS**

**UNITED WHOLESALE MORTGAGE, LLC**

FILED: _____        _____
                                                                                      DEPUTY CLERK

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION WITH REQUEST FOR ATTORNEY'S FEES AND SANCTIONS**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, United Wholesale Mortgage, LLC ("Defendant"), who files this Memorandum in Support of the Motion to Compel Plaintiff's, Title Depot of Louisiana, Inc. ("Plaintiff") Answers to Defendant's Interrogatories, Requests for Production of Documents and Requests for Admission with Request for Attorney's Fees and Sanctions, for the following reasons:

**I.    BACKGROUND**

On April 16, 2026, Defendant propounded Interrogatories, Requests for Production and Requests for Admission on Plaintiff.[1] Plaintiff's responses to Defendant's Interrogatories, Requests for Production and Requests for Admission were due on or before May 18, 2026.

On May 19, 2026, counsel for Defendant e-mailed Plaintiff's counsel notifying him that Plaintiff's discovery responses were past due. Counsel for Defendant further advised that he would conduct a Rule 10.1 Discovery Conference with Plaintiff's counsel on May 27, 2026, at 10:00 a.m.[2]

On May 27, 2026 the Rule 10.1 Discovery Conference was conducted wherein Defendant agreed to give Plaintiff until June 11, 2026 to provide responses to Defendant's discovery.[3] On

---

[1] The Interrogatories, Requests for Production of Documents and Requests for Admission propounded on Plaintiff on April 16, 2026 are attached hereto as Exhibit A.

[2] A copy of the May 19, 2026 correspondence is attached hereto as Exhibit B.

[3] A copy of the May 27, 2026 correspondence is attached hereto as Exhibit C.

5

June 2, 2026, counsel for Plaintiff responded to the May 27, 2026 correspondence, stating the he agreed to provide Plaintiff's discovery responses to Defendant no later than June 11, 2026.[4]

On June 12, 2026, counsel for Defendant e-mailed Plaintiff's counsel advising him that Plaintiff's discovery responses were overdue pursuant to the Rule 10.1 Discovery Conference. Defense counsel further advised that if Plaintiff's discovery responses were not received by June 18, 2026, Defendant would file a Motion to Compel.[5]

## II.    LAW AND ARGUMENT

Articles 1457, 1458, 1461, 1462 and 1466 of the Louisiana Code of Civil Procedure provide authority for a party to serve Interrogatories, Requests for Production of Documents and Requests for Admission upon an adverse party. Louisiana Code of Civil Procedure Article 1469 provides that if answers to Interrogatories, Requests for Production of Documents or Requests for Admission are not timely made, the party who served the discovery "may move for an Order compelling an answer."[6] If the Motion is granted, the court shall award the mover reasonable expenses and attorney fees incurred in connection with the making of the Motion.[7]  Defendant requests that Plaintiff be ordered to fully respond to the Interrogatories, Requests for Production of Documents and Requests for Admission.

Defendant is entitled to defend the claims asserted by Plaintiff. However, Defendant is unable to do so as a result of Plaintiff's failure to fully respond to discovery. Plaintiff has had ample time to fully respond. Plaintiff's response were originally due on May 19, 2026. Following the 10.1 Discovery Conference, Defendant granted Plaintiff an extension to respond to the discovery by June 11, 2026. Despite these extensions, Plaintiff has failed to produce the overdue discovery. As such, Defendant is entitled to and requests an Order requiring Plaintiff to fully respond to the Interrogatories, Requests for Production of Documents and the Requests for Admission. Defendant is also entitled to and request sanctions against Plaintiff, in the form of legal fees and costs incurred in filing and proceeding with this Motion to Compel.

---

[4] A copy of the June 2, 2026 correspondence is attached hereto as Exhibit D.
[5] A copy of the June 12, 2026 correspondence is attached hereto as Exhibit E.
[6] Louisiana Civil Code of Procedure Article 1469(2).
[7] Louisiana Civil Code of Procedure Article 1469(4).

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

III.    **CONCLUSION**

Plaintiff, Title Depot of Louisiana, Inc., has asserted claims against Defendant, United Wholesale Mortgage, LLC.   Defendant propounded Interrogatories, Requests for Production Documents and Requests for Admission on Plaintiff two months ago.  Despite numerous extensions, Plaintiff has failed to respond.  Defendant prays that the Motion to Compel Plaintiff's Answers to Defendant's Interrogatories, Requests for Production of Documents and Requests for Admission with Request for Attorney's Fees and Sanctions be granted and that Plaintiff be ordered to fully respond to this discovery.   Defendant further prays that Plaintiff be assessed with all reasonable expenses and attorneys fees incurred in connection with the filing of this Motion to Compel.

Respectfully Submitted,

DEGAN, BLANCHARD & NASH

SIDNEY W. DEGAN, III (NO. 04804)
KEITH A. KORNMAN (NO. 23169)
JENA W. SMITH (NO. 25255)
W. LAUGHLIN GRACE, V (NO. 40795)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone:        (504) 529-3333
Facsimile:        (504) 529-3337
E-mail:           sdegan@degan.com
                  kkornman@degan.com
                  jsmith@degan.com
                  lgrace@degan.com
*Counsel for Defendant, United Wholesale Mortgage, LLC*

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that a copy of the above and foregoing *Memorandum in Support of Motion to Compel Plaintiff's Answers to Defendant's Interrogatories, Requests for Production of Documents and Requests for Admission with Request for Attorney's Fees and Sanctions* has been served upon all parties of record by via electronic mail, on this 25th day of June 2026.

KEITH A. KORNMAN

7

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

| From: | Keith A. Kornman |
| To: | Chris Meeks; Kate Murphy |
| Cc: | Jena Smith; Michelle M. Ledet; Laughlin Grace |
| Subject: | RE: Title Depot of Louisiana, Inc. v. United Wholesale Mortgage |
| Date: | Thursday, April 16, 2026 2:05:18 PM |
| Attachments: | 26.04.16 Discovery Requests to Title Depot.pdf |
| | image001.png |

Chris – United Wholesale Mortgage ("UWM") was served yesterday with the Petition for Damages. We would appreciate a 30 day extension of time or until June 5, 2026 to file responsive pleadings. Please let us know if you consent to this informal request.

As we discussed, we intend to remove this case to federal court. We have, therefore, propounded discovery to demonstrate jurisdiction. We would appreciate responses at your earliest possible convenience and can discuss a partial response with other responses to be supplemented at a later date if necessary.

Thanks
Keith



Keith A. Kornman
Partner

*Degan, Blanchard & Nash*
400 Poydras Street, Suite 2600
New Orleans, LA 70130
(504) 529-3333 Telephone
(504) 529-3337 Facsimile
kkornman@degan.com

CONFIDENTIALITY NOTICE

This transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN



24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.   874368                                                   DIVISION: "G"

TITLE DEPOT OF LOUISIANA, INC.

VERSUS

UNITED WHOLESALE MORTGAGE, LLC

FILED: _____        _____

DEPUTY CLERK

UNITED WHOLESALE MORTGAGE, LLC'S
FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

TO:   PLAINTIFF, TITLE DEPOT OF LOUISIANA, INC., Through Counsel of Record:
      Christopher Meeks
      Rodrigue & Arcuri, LLP
      1615 Poydras St., Suite 1250
      New Orleans, LA 70112

On authority of Articles 1461, 1462, 1465.1 and 1474 of the Louisiana Code of Civil

Procedure, comes Defendant, United Wholesale Mortgage, LLC ("Defendant"), who propounds

the following Interrogatories and Requests for Production of Documents to be answered by

Plaintiff, Title Depot of Louisiana, Inc. ("Plaintiff"), fully, completely, in writing, and under oath

within the time delays allowed by law.  In accordance with the Louisiana Code of Civil Procedure,

these Interrogatories and Requests for Production of Documents are deemed to be continuing, and

supplementation of all responses is requested as the information changes and becomes available.

INSTRUCTIONS

The discovery requests contained herein are considered continuing in nature. You are

required to supplement your responses.

In answering these discovery requests, please furnish all information, including hearsay,

which (i) you have in your possession, however obtained, (ii) is known by you, your agents, or your

attorneys, and any individual who, by way of acting as your representative in the investigation or

preparation of the Claim or this action, has knowledge of any matter which is the subject of these

{00959149.DOCX;1}

discovery requests and can furnish information or documentation, or (iii) appears in any records or other information available to you, in your custody, or control.

In your answers to these discovery requests, please repeat each request set forth herein and then set forth your answers thereto separately and fully immediately thereafter.

**DEFINITIONS**

As used herein, either in the definitions or in the Interrogatories and Requests for Production of Documents themselves:

A.   The term "person" shall mean all natural and civil persons and includes any individual, association, corporation, partnership, firm, joint venture, or any other business or legal entity; and includes any governmental or quasi-governmental branch, department, bureau or agency.

B.   The term "document" shall mean any written, printed, non-printed, electronic, typed, photocopied, photographic, reproduced and/or graphic matter of any kind or character and any recorded or stored information, however produced or reproduced, (1) in your possession or control or (2) known to you to exist, including (without limiting the generality of the foregoing), affidavits, agreements, books, calendars, communications, and ledger entries, lists, memoranda, minutes and minute entries, notes, printouts, records of meetings, conferences and telephone or other conferences, conversations or communications, reports, statements, studies, telegrams, teletypes and/or work papers, progress notes, photographs, lab reports, medical reports and prognosis, therapy notes, consultation notes and reports, therapy evaluations, social histories and evaluations, summaries, recommendations, billing statements, psychological and/or neuropsychological test and reports, any other medical information and information stored in computer or other data storage or processing equipment, or in magnetic or electronic media, microfilm or micro fiche or other form which can be retrieved, viewed, transferred or printed out or reduced to readable form through proper programming, decoding or processing (i.e., Electronically Stored Information ["ESI"]), together with the necessary instructions for understanding, using, viewing, transferring, or reproducing same.

The term "document" also includes originals and all copies of documents containing notes, notations, comments, observations, remarks, underscoring, marks made for emphasis highlighting, or attention and encircling, relating, or referring in any way to the subject matter of these interrogatories.

C.   The terms "you" and "your", or "Title Depot" shall refer to Title Depot of Louisiana, Inc. the Plaintiff herein.

D.   "Identify" in connection with a "document" means to:

(1)   State the type of document (letter, memorandum, etc.); state the date of the document; the name and address of its author; the name and address of the person to whom the document was addressed; the names and addresses of all persons to whom copies of the document were to have been sent and the business affiliation of all such persons as of the date of the document, and, further, if the document is an agreement or contract, state the names of each party to the agreement or contract, the date on which it was entered into, the place where it was confected, its terms and/or conditions, the present

2

location of an original copy thereof, the name and address of its custodian and the contents thereof. If the agreement or contract has been amended or supplemented, this must be stated and the above information furthered on each such amendment or supplement.

(2)    State whether you or anyone acting on your behalf is in possession of the original copy and identify the person having custody. If you do not possess the original, state (a) who does, and (b) the location and custodian of any copy of the original. In lieu of "identifying" any document, a copy thereof may be supplied, if you sufficiently relate the supplied copy to the pertinent inquiry therein.

E.    "Identify" in connection with a "person" means to:

(1)    State the person's name, title, present address, if known, or past address if the present address is not known, telephone number, present business affiliation(s), title and position; and

(2)    State the person's relationship to you, his present employer and his employer at the time the person identified acquired information sought from such persons.

F.    "Identify" in connection with a "partnership or corporation" means to:

(1)    State its full name, its state of organization or incorporation, and its principal place of business; and

(2)    State the partnership or corporation's relationship to you.

G.    "Identify" in connection with a person other than an individual, partnership or corporation, means to state the person's official name, the person's organization's form and the person's present address.

H.    "Identify" in connection with any "act" shall mean to set forth the event or events constituting such an act, its location, the date and persons participating, present or involved, and to identify documents relating or referring in any way thereto; when used in reference to any oral conversations, or discussions, it shall mean, in addition to the foregoing, to set forth the substance of what was said, when, where, by and to whom.

I.    "Describe" or "specify" shall mean:

(1)    Describe fully and in detail by reference to underlying facts rather than reference to ultimate facts or conclusions of fact or law;

(2)    Particularize as to time, place and participants; and

(3)    Set forth all relevant facts necessary to a complete understanding of the act, process, event, or thing in question.

J.    Words herein of any gender shall be deemed to include all other genders and the singular shall be deemed to encompass the plural.

K.    The term "and" means both the conjunctive "and" and the disjunctive "or" and the words "and/or".

3

4922-9888-7500, v. 1

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

L.    "Produce" means provide a true and correct copy of the original appropriately certified, if such documentation requires certification for admission at the trial of this matter, or otherwise. If ESI, then any such documentation should be printed out and/or transferred in a readable form with full instructions as to how such ESI can be viewed, printed out, and/or read by the party(ies) propounded these Interrogatories, as provided for, defined, and contemplated by paragraph A. Production by compact disc of all responses is acceptable with the caveat that production thereof constitutes an agreement by counsel that no objection shall be made to the authenticity of the documents produced thereby on the basis that it is a print out of documentation that could have been produced by "hard copy". No other objections to any produced document would be considered waived.

Each of the Interrogatories shall be responded to separately and fully, in writing and under oath unless it is objected to, in which event the reasons for objection shall be stated in lieu of any answer within the time required by the Louisiana Code of Civil Procedure.

## OBJECTION TO OR FAILURE TO ANSWER BY "CLAIM OF PRIVILEGE" OR "WORK PRODUCT"

If any Interrogatory or Request for Production (or part thereof) herein propounded is objected to or is not fully, truthfully and completely answered because of either a claim or privilege or a claim that the answer constitutes the mental impression, conclusion, opinion or legal theory of any attorney concerning this litigation; then, as though this interrogatory were made a separate and integral part of each such interrogatory (or any part thereof):

A. State the complete basis for the claim of privilege and identify all persons having knowledge of any of the facts which you claim to be privileged.

B. State the complete basis for your claim that the information constitutes the mental impression, conclusion, opinion or legal theory of any attorney concerning this litigation and identify all persons having knowledge of any of the facts which you claim to be mental impressions, conclusions, opinions, or legal theories you refer.

4

4922-9888-7500, v. 1

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify the person(s) answering these Interrogatories, including, without limitation, the person(s) who furnished you with any information whatsoever or with whom you consulted in drafting your answers to these Interrogatories.

### INTERROGATORY NO. 2:

Please state the full legal name, state of incorporation or formation, and principal place of business of Title Depot of Louisiana, Inc. ("Title Depot").

### INTERROGATORY NO. 3:

Please state whether Title Depot is a business corporation or a limited liability company.

### INTERROGATORY NO. 4:

If Title Depot is a business corporation, please identify its principal place of business as well as the state of its incorporation.

### INTERROGATORY NO. 5:

If Title Depot is a limited liability company, please identify every member of the LLC and the citizenship of each member.

### INTERROGATORY NO. 6:

Please state the total amount of compensatory damages you are claiming in this lawsuit, specifying the amount you seek in damages for each and every element of damages including: (A) loss of existing and prospective business relationships including loss of business reputation and goodwill; (B) loss of revenue; (C) competitive disadvantage in the marketplace; (D) emotional distress and reputational harm to Title Depot's owners and principals; and (E) compensatory damages for alleged violations of the Louisiana Unfair Trade Practices Act as alleged in Paragraph 26 and the Demand in your Petition for Damages.

### INTERROGATORY NO. 7:

Describe in detail all steps taken by you to calculate the damages claimed in this action, including the identity of all persons involved in the calculation.

5

4922-9888-7500, v. 1

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents identified in your responses to Defendant's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents relating to the ownership structure, members, shareholders, or other owners of Title Depot, including documents reflecting their citizenship.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents reflecting the state of incorporation or formation and principal place of business of Title Depot.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents that support or relate to the damages claimed by Title Depot in your Petition for Damages.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents reflecting the calculation of each category of damages claimed your Petition for Damages.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Please admit that the amount in controversy for Title Depot's claims contained in its Petition for Damages in this litigation does not exceed the sum of $75,000.01 exclusive of interest and costs.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that the amount in controversy for Title Depot's claims contained in its Petition for Damages in this litigation exceeds the sum of $75,000.00, exclusive of interest and costs.

**THE INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION ARE RETURNABLE WITHIN THIRTY (30) DAYS OF SERVICE THEREON AT THE OFFICES OF DEGAN, BLANCHARD & NASH, LOCATED AT 400 POYDRAS STREET, SUITE 2600, NEW ORLEANS, LOUISIANA 70130.**

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

4922-9888-7500, v. 1

DEGAN, BLANCHARD & NASH

Sidney W. Degan, III (#04804)
Keith A. Kornman (#23169)
Jena W. Smith (#25255)
W. Laughlin Grace, V (#40795)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: (504) 529-3333
Facsimile: (504) 529-3337
Email: sdegan@degan.com
        kkornman@degan.com
        jsmith@degan.com
        lgrace@degan.com

*Counsel for Defendant,*
*United Wholesale Mortgage, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing *Interrogatories and Requests for Production of Documents* have been served upon all parties of record in accordance with the Louisiana Code of Civil Procedure via electronic mail, this 16th day of April, 2026.

Keith A. Kornman

4922-9888-7500, v. 1

7

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

| | |
|---|---|
| **From:** | Keith A. Kornman |
| **To:** | Chris Meeks; Kate Murphy |
| **Cc:** | Jena Smith; Michelle M. Ledet; Laughlin Grace |
| **Subject:** | RE: Title Depot of Louisiana, Inc. v. United Wholesale Mortgage |
| **Date:** | Tuesday, May 19, 2026 1:17:30 PM |
| **Attachments:** | image001.png |

Chris -

We have not received Title Depot of Louisiana, Inc.'s responses to our April 16, 2026 discovery requests, which were due on Monday, May 18, 2026. Pursuant to Uniform District Court Rule 10.1, we are setting a discovery conference for May 27, 2026, at 10:00 a.m. CST regarding the outstanding discovery responses.

If we do not hear from you before the scheduled conference, we will assume you are available for same. Our office will initiate the call.

If you would like to discuss the case before that time, please do not hesitate to contact us. We look forward to speaking with you.

Thanks,
Keith

 DBN | Degan, Blanchard & Nash

Keith A. Kornman
Partner

*Degan, Blanchard & Nash*
400 Poydras Street, Suite 2600
New Orleans, LA 70130
(504) 529-3333 Telephone
(504) 529-3337 Facsimile
kkornman@degan.com

CONFIDENTIALITY NOTICE

This transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.

**From:** Keith A. Kornman
**Sent:** Thursday, April 16, 2026 2:05 PM
**To:** 'Chris Meeks' <chris@rodriguearcuri.com>; Kate Murphy <kmurphy@degan.com>
**Cc:** Jena Smith <jsmith@degan.com>; Michelle M. Ledet <mledet@degan.com>; Laughlin Grace <LGrace@degan.com>



EXHIBIT
B
tabbies'

**Subject:** RE: Title Depot of Louisiana, Inc. v. United Wholesale Mortgage

Chris – United Wholesale Mortgage ("UWM") was served yesterday with the Petition for Damages. We would appreciate a 30 day extension of time or until June 5, 2026 to file responsive pleadings. Please let us know if you consent to this informal request.

As we discussed, we intend to remove this case to federal court. We have, therefore, propounded discovery to demonstrate jurisdiction. We would appreciate responses at your earliest possible convenience and can discuss a partial response with other responses to be supplemented at a later date if necessary.

Thanks
Keith



Keith A. Kornman
Partner

*Degan, Blanchard & Nash*
400 Poydras Street, Suite 2600
New Orleans, LA 70130
(504) 529-3333 Telephone
(504) 529-3337 Facsimile
kkornman@degan.com

CONFIDENTIALITY NOTICE

This transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

| | |
|---|---|
| **From:** | Jena Smith |
| **To:** | chris@rodriguearcuri.com |
| **Cc:** | Keith A. Kornman; Kate Murphy; Laughlin Grace; Michelle M. Ledet |
| **Subject:** | Title Depot of Louisiana, Inc. v. United Wholesale Mortgage: Confirmation of 10.1 conference |
| **Date:** | Wednesday, May 27, 2026 10:38:37 AM |
| **Attachments:** | 26.04.16 Discovery Requests to Title Depot.pdf |
| | image001.png |
| | image002.png |

Chris,

Thank you for calling me back after your scheduling conference with the Court this morning so that the 10.1 could go forward. To confirm what was discussed in the conference, UWM has agreed to give Title Depot an additional two weeks, or until June 11, 2026. to respond to the attached discovery. In turn, Title Depot will have two weeks from the receipt of the discovery, or until June 25, to file responsive pleadings.

If you could please respond confirming that you are in agreement with the above, it would be appreciated.

Best Regards,

Jena



Jena W. Smith
Partner
Degan, Blanchard & Nash
400 Poydras Street, Suite 2600
New Orleans, LA 70130
(504) 529-3333  Ext. 1231  Telephone
(504) 529-3337 Facsimile

CONFIDENTIALITY NOTICE

This transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.

**From:** Keith A. Kornman <kkornman@degan.com>
**Sent:** Thursday, April 16, 2026 2:05 PM
**To:** Chris Meeks <chris@rodriguearcuri.com>; Kate Murphy <kmurphy@degan.com>
**Cc:** Jena Smith <jsmith@degan.com>; Michelle M. Ledet <mledet@degan.com>; Laughlin Grace <LGrace@degan.com>
**Subject:** RE: Title Depot of Louisiana, Inc. v. United Wholesale Mortgage

Chris – United Wholesale Mortgage ("UWM") was served yesterday with the Petition for Damages. We would appreciate a 30 day extension of time or until June 5, 2026 to file responsive pleadings. Please let us know if you consent to this informal request.

As we discussed, we intend to remove this case to federal court. We have, therefore, propounded discovery to demonstrate jurisdiction. We would appreciate responses at



24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

your earliest possible convenience and can discuss a partial response with other responses to be supplemented at a later date if necessary.

Thanks
Keith



Keith A. Kornman
Partner

*Degan, Blanchard & Nash*
400 Poydras Street, Suite 2600
New Orleans, LA 70130
(504) 529-3333 Telephone
(504) 529-3337 Facsimile
kkornman@degan.com

CONFIDENTIALITY NOTICE
This transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

| | |
|---|---|
| **From:** | Chris Meeks |
| **To:** | Jena Smith |
| **Cc:** | Keith A. Kornman; Kate Murphy; Laughlin Grace; Michelle M. Ledet |
| **Subject:** | RE: Title Depot of Louisiana, Inc. v. United Wholesale Mortgage: Confirmation of 10.1 conference |
| **Date:** | Tuesday, June 2, 2026 9:53:53 AM |
| **Attachments:** | image004.png |
| | image005.png |

Jena – Sorry for just responding. Confirmed.

## Christopher A. Meeks

Attorney

tel: 504.592.4600
mobile: 504.722.0842
1615 Poydras St., Ste.1250 New Orleans, LA 70112

This E-mail transmission may contain confidential information that is protected by the attorney-client privilege or work-product doctrine. It is intended only for the individual or entity designated above. Any distribution, copying, or use of or reliance upon the information contained in and transmitted with this E-mail by or to anyone other than the individual or entity designated above is unauthorized and strictly prohibited. If you have received this E-mail transmission in error, please destroy the transmission and notify the law firm of Rodrigue & Arcuri, LLP by telephone at (504) 592-4600 immediately.

**From:** Jena Smith <jsmith@degan.com>
**Sent:** Wednesday, May 27, 2026 10:39 AM
**To:** Chris Meeks <chris@rodriguearcuri.com>
**Cc:** Keith A. Kornman <kkornman@degan.com>; Kate Murphy <kmurphy@degan.com>; Laughlin Grace <LGrace@degan.com>; Michelle M. Ledet <mledet@degan.com>
**Subject:** Title Depot of Louisiana, Inc. v. United Wholesale Mortgage: Confirmation of 10.1 conference

Chris,

Thank you for calling me back after your scheduling conference with the Court this morning so that the 10.1 could go forward. To confirm what was discussed in the conference, UWM has agreed to give Title Depot an additional two weeks, or until June 11, 2026. to respond to the attached discovery. In turn, Title Depot will have two weeks from the receipt of the discovery, or until June 25, to file responsive pleadings.

If you could please respond confirming that you are in agreement with the above, it would be appreciated.

Best Regards,

Jena

DBN | Degan, Blanchard & Nash

Jena W. Smith
Partner
Degan, Blanchard & Nash
400 Poydras Street, Suite 2600
New Orleans, LA 70130
(504) 529-3333 Ext. 1231 Telephone

**EXHIBIT**
tabbies®
**D**

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

| (504) 529-3337 Facsimile

CONFIDENTIALITY NOTICE

This transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.

**From:** Keith A. Kornman <kkornman@degan.com>
**Sent:** Thursday, April 16, 2026 2:05 PM
**To:** Chris Meeks <chris@rodriguearcuri.com>; Kate Murphy <kmurphy@degan.com>
**Cc:** Jena Smith <jsmith@degan.com>; Michelle M. Ledet <mledet@degan.com>; Laughlin Grace <LGrace@degan.com>
**Subject:** RE: Title Depot of Louisiana, Inc. v. United Wholesale Mortgage

Chris – United Wholesale Mortgage ("UWM") was served yesterday with the Petition for Damages. We would appreciate a 30 day extension of time or until June 5, 2026 to file responsive pleadings. Please let us know if you consent to this informal request.

As we discussed, we intend to remove this case to federal court. We have, therefore, propounded discovery to demonstrate jurisdiction. We would appreciate responses at your earliest possible convenience and can discuss a partial response with other responses to be supplemented at a later date if necessary.

Thanks
Keith

 Degan, Blanchard & Nash

Keith A. Kornman
Partner

*Degan, Blanchard & Nash*
400 Poydras Street, Suite 2600
New Orleans, LA 70130
(504) 529-3333 Telephone
(504) 529-3337 Facsimile
kkornman@degan.com

CONFIDENTIALITY NOTICE

This transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

| From: | Keith A. Kornman |
| To: | Chris Meeks; Jena Smith |
| Cc: | Kate Murphy; Laughlin Grace; Michelle M. Ledet |
| Subject: | RE: Title Depot of Louisiana, Inc. v. United Wholesale Mortgage: Confirmation of 10.1 conference |
| Date: | Friday, June 12, 2026 9:53:45 AM |
| Attachments: | image001.png |
| | image003.png |

Chris –

We did not receive any responses to the overdue discovery requests yesterday pursuant to our 10.1 Discovery Conference.  If we do not receive any responses by June 18, 2026, we will have to file a motion to compel.

If you would like to discuss this matter further, please do not hesitate to contact us.

Thanks
Keith



Keith A. Kornman
Partner

*Degan, Blanchard & Nash*
400 Poydras Street, Suite 2600
New Orleans, LA 70130
(504) 529-3333 Telephone
(504) 529-3337 Facsimile
kkornman@degan.com

CONFIDENTIALITY NOTICE

This transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.

**From:** Chris Meeks <chris@rodriguearcuri.com>
**Sent:** Tuesday, June 2, 2026 9:54 AM
**To:** Jena Smith <jsmith@degan.com>
**Cc:** Keith A. Kornman <kkornman@degan.com>; Kate Murphy <kmurphy@degan.com>; Laughlin Grace <LGrace@degan.com>; Michelle M. Ledet <mledet@degan.com>
**Subject:** RE: Title Depot of Louisiana, Inc. v. United Wholesale Mortgage: Confirmation of 10.1 conference

Jena – Sorry for just responding. Confirmed.

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN





## Christopher A. Meeks

Attorney

tel: 504.592.4600
mobile: 504.722.0842
1615 Poydras St., Ste.1250 New Orleans, LA 70112

This E-mail transmission may contain confidential information that is protected by the attorney-client privilege or work-product doctrine. It is intended only for the individual or entity designated above. Any distribution, copying, or use of or reliance upon the information contained in and transmitted with this E-mail by or to anyone other than the individual or entity designated above is unauthorized and strictly prohibited. If you have received this E-mail transmission in error, please destroy the transmission and notify the law firm of Rodrigue & Arcuri, LLP by telephone at (504) 592-4600 immediately.

**From:** Jena Smith <jsmith@degan.com>
**Sent:** Wednesday, May 27, 2026 10:39 AM
**To:** Chris Meeks <chris@rodriguearcuri.com>
**Cc:** Keith A. Kornman <kkornman@degan.com>; Kate Murphy <kmurphy@degan.com>; Laughlin Grace <LGrace@degan.com>; Michelle M. Ledet <mledet@degan.com>
**Subject:** Title Depot of Louisiana, Inc. v. United Wholesale Mortgage: Confirmation of 10.1 conference

Chris,

Thank you for calling me back after your scheduling conference with the Court this morning so that the 10.1 could go forward. To confirm what was discussed in the conference, UWM has agreed to give Title Depot an additional two weeks, or until June 11, 2026. to respond to the attached discovery. In turn, Title Depot will have two weeks from the receipt of the discovery, or until June 25, to file responsive pleadings.

If you could please respond confirming that you are in agreement with the above, it would be appreciated.

Best Regards,

Jena



Jena W. Smith
Partner
Degan, Blanchard & Nash
400 Poydras Street, Suite 2600
New Orleans, LA 70130
(504) 529-3333 Ext. 1231  Telephone
(504) 529-3337 Facsimile

CONFIDENTIALITY NOTICE
This transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.

24th E-Filed: 06/25/2026 12:38 Case: 874368 Div:G Atty:023169 KEITH A KORNMAN

(300)  NOTICE OF DATE SET TO ATTORNEY: KEITH A KORNMAN;

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TITLE DEPOT OF LOUISIANA INC                      Case: 874-368     Div: "G"
  versus                                                         D 1  UNITED WHOLESALE
UNITED WHOLESALE MORTGAGE LLC          MORTGAGE LLC

KEITH A. KORNMAN
400 POYDRAS STREET
SUITE 2600
NEW ORLEANS LA 70130

This is to inform you that the **MOTION TO COMPEL** which you filed on 06/25/2026 in the above captioned matter, has been fixed for hearing/trial on **the 17th day of August, 2026 at 09:00 AM.**

Issued by the Clerk Of Court on the 30th day of June, 2026.

/s/ Monica M. Bazile
Monica M. Bazile, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

Imaged 06/30/2026 10:02 - Signed: Deputy Clerk of Court /s/ Monica M. Bazile

(104) RULE TO SHOW CAUSE: MOTION TO COMPEL PLAINTIFFS
ANSWERS TO DEFENDANTS INTERROGATORIES, REQUESTS FOR
PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSION WITH
REQUEST FOR ATTORNEYS FEES AND SANCTIONS; MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL PLAINTIFFS ANSWERS TO                    260702-6063-8
DEFENDANTS INTERROGATORIES, REQUESTS FOR PRODUCTION OF
DOCUMENTS AND REQUESTS FOR ADMISSION WITH REQUEST FOR
ATTORNEYS FEES AND SANCTIONS / RULE 10.1 CERTIFICATE OF
CONFERENCE / EXHIBITS A-E

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TITLE DEPOT OF LOUISIANA INC                          Case: 874-368    Div: "G"
  versus                                    D 1  UNITED WHOLESALE
UNITED WHOLESALE MORTGAGE LLC                         MORTGAGE LLC

To:  TITLE DEPOT OF LOUISIANA INC
AS REQUESTED
PLAINTIFF, TITLE DEPOT, INC.
THROUGH ITS COUNSEL OF RECORD:                       ORLEANS PARISH
CHRISTOPHER MEEKS
RODRIGUE & ACURI, LLP                                NO CK#53270 $30.00
1615 POYDRAS STREET, SUITE 1250
NEW ORLEANS, LOUISIANA 70112


PARISH OF JEFFERSON

You are hereby ordered to show cause on the **17th day of August, 2026 at 09:00 AM** (as per
attached order).

Issued by the Clerk Of Court on the 2nd day of July, 2026.

/s/ Carlos T. Mendoza
Carlos T. Mendoza, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

_____SERVICE INFORMATION_____

(104) RULE TO SHOW CAUSE: MOTION TO COMPEL PLAINTIFFS
ANSWERS TO DEFENDANTS INTERROGATORIES, REQUESTS FOR
PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSION WITH
REQUEST FOR ATTORNEYS FEES AND SANCTIONS; MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL PLAINTIFFS ANSWERS TO                    260702-6063-8
DEFENDANTS INTERROGATORIES, REQUESTS FOR PRODUCTION OF
DOCUMENTS AND REQUESTS FOR ADMISSION WITH REQUEST FOR
ATTORNEYS FEES AND SANCTIONS / RULE 10.1 CERTIFICATE OF
CONFERENCE / EXHIBITS A-E

Received:_____    Served:_____    Returned:_____

Service was made:
  ___ Personal              ___ Domicilary _____

Unable to serve:
    ___ Not at this address    ___ Numerous attempts _____ times
    ___ Vacant                 ___ Received too late to serve
    ___ Moved                  ___ No longer works at this address
    ___ No such address        ___ Need apartment / building number
    ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
           Deputy Sheriff
Parish of: _____

Imaged 07/02/2026 10:41 - Signed: Deputy Clerk of Court /s/ Carlos T. Mendoza

FILED FOR RECORD 07/07/2026 09:57:09
Monica M. Bazile DY CLERK
JEFFERSON PARISH LA

## DEGAN, BLANCHARD & NASH
A PROFESSIONAL LAW CORPORATION
400 POYDRAS STREET, SUITE 2600
NEW ORLEANS, LOUISIANA 70130

MICHELLE M. LEDET, PARALEGAL

TELEPHONE (504) 529-3333
FACSIMILE (504) 529-3337
WEBSITE: WWW.DEGAN.COM
WRITER'S DIRECT E-MAIL
MLEDET@DEGAN.COM

July 7, 2026

***VIA E-MAIL TRANSMISSION ONLY***

Ms. Monica Bazile, Civil Clerk
24th Judicial District Court, Division G
200 Derbigny Street, Suite 4700
Gretna, Louisiana 70053

> RE:  Title Depot of Louisiana, Inc. vs. United Wholesale Mortgage, LLC
> 24th JDC Suit No. 874-368; Division G
> Our File No. 1242-17039

Dear Ms. Bazile:

Pursuant to my telephone conversation this morning with you, please accept this correspondence as notice that the August 17, 2026 hearing on Defendant's, United Wholesale Mortgage, LLC, Motion to Compel, should be removed from this Honorable Court's docket. The August 17, 2026 hearing on Defendant's Motion to Compel should be continued without date.

Should you have any questions or comments, please do not hesitate to contact me directly at (504) 529-3333, or by e-mail at mledet@degan.com, as I remain,

With kindest regards,

Very truly yours,

DEGAN, BLANCHARD & NASH

MICHELLE M. LEDET
***Paralegal to Keith A. Korman
and W. Lauglin Grace, V***

MML

cc:    Christopher A. Meeks, Via E-Mail